**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**JEFF MARTIN,**
   **Petitioner,**

**v.**               **Civil Action No. 3:19-CV-25
                    (GROH)**

**FREDERICK ENTZEL, Warden,**
   **Respondent.**

**REPORT AND RECOMMENDATION**

**I. INTRODUCTION**

On February 28, 2019, Petitioner, then an inmate at Federal Correctional Institution ("FCI") Hazelton, acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1.[1]

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule of Prisoner Litigation Procedure ("LR PL P") 2. For the reasons set forth below, the undersigned recommends that the Petition be denied and dismissed without prejudice.

**II. FACTUAL AND PROCEDURAL HISTORY**

  A.  **Petitioner's Conviction and Sentence[2]**

On July 7, 2008, Petitioner was charged in a three-count indictment in the Western District of Kentucky, with Possession with Intent to Distribute Cocaine Base, in violation

---

[1] ECF Numbers cited herein refer to Case No. 3:19-CV-25, unless otherwise noted.

[2] All CM/ECF references in section II.A. and II.B. refer to entries in the docket of Case No. 3:08-CR-62 in the Western District of Kentucky, available on PACER. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d

of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) (Count 1), and with Possession of a Firearm by Convicted Felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count 2). ECF No. 1. Count 3 of the indictment was a forfeiture charge. Id. On October 7, 2009, Petitioner entered a plea of guilty as to Counts 1 and 2, pursuant to a written plea agreement filed with the Court. ECF Nos. 24, 25. On May 27, 2010, Petitioner was sentenced to 130 months as to Count 1, and 120 months as to Count 2, to be served concurrently, for a total of 130 months of incarceration. ECF No. 32 at 3. Petitioner was sentenced as a career offender under the United States Sentencing Guidelines ("U.S.S.G." or "the Guidelines"). ECF No. 44 at 1.

A review of both PACER and the docket shows that Petitioner did not file a direct appeal of his initial conviction and sentence. Further, a review of the Inmate Locator page of the Bureau of Prisons' ("BOP") website[3] shows that Petitioner is now in BOP custody at the Nashville, Tennessee Residential Reentry Management ("RRM") field office and that Petitioner's projected release date is July 19, 2019.[4]

### B.    Motions to Vacate, Appeals Thereof, and Other Motions for Relief

On December 12, 2014, Petitioner filed a letter, which the Western District of Kentucky "construe[d] . . . as a motion for reduction under 18 U.S.C. § 3582(c)(2) based on U.S.S.G. Amendment 750 implementing the Fair Sentencing Act of 2010 (FSA) and

---

176, 180 (4th Cir. 2009) (Courts "may property take judicial notice of public record"); Colonial Penns. Ins. Co. v. Coil, 867 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records'").

[3] Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (last visited June 5, 2019).

[4] The Court notes that pursuant to Rule 6 of the LR PL P, the Petitioner has an obligation to, "notify the Clerk of the Court of an address change," and that failure to do so will result in dismissal." The Court also notes that Petitioner has failed to update his address as required by the Local Rule.

the new U.S.S.G. Amendment 782." ECF Nos. 41, 44 at 1. The Government filed a response on January 6, 2015. ECF No. 43. The Court denied Petitioner's request for relief on June 9, 2015, because Petitioner's sentence "was not based on a guideline sentencing range that has been lowered by the Sentencing Commission but was based on the Career-Offender Guideline at U.S.S.G. § 4B1.1," and "because the Amendments [750 and 782] do not lower the sentence range." See ECF No. 44 at 1 (citing United States v. Moore, 2015 WL 2062111, at *1 (E.D. Tenn. May 4, 2015) ("Amendment 782 did not alter the career offender guideline."); United States v. Tillman, 511 F. App'x 519, 521 (6th Cir. 2013) ("A defendant whose sentence is based upon the career offender sentencing guideline cannot benefit from Amendment 750 because that amendment did not lower the career offender sentencing guidelines range.")).

Petitioner subsequently filed a *pro se* Motion for Credit for Time Served Pursuant to 18 U.S.C. § 3585(b) on January 28, 2016. ECF No. 46. The Court denied this Motion on August 4, 2016, because Petitioner had not "exhausted his administrative remedies with the BOP, and, in any event, he [was] not incarcerated in the Western District of Kentucky [for the purposes of a § 2241 action]." ECF No. 47 at 2.

C.     **Instant § 2241 Petition**

On February 28, 2019, Petitioner filed the instant petition pursuant to 28 U.S.C. § 2241, challenging his 130-month sentence imposed in the Western District of Kentucky. ECF No. 1. This Court construes Petitioner's § 2241 Motion asking that his "54 days good time [be] credit[ed] to [him]", as seeking to allege that the First Step Act requires such a credit. Id. at 5. Consequently, Petitioner argues that with this credit, he "should be released." Id.

3

### III. LEGAL STANDARD

**A.     Review of Petitions for Relief**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

**B.     Pro Se Litigants.**

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[5] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless

---

[5] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify

>lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### C. Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated." Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

### IV. ANALYSIS

This Court liberally reads Petitioner's instant § 2241 Motion as seeking relief under the First Step Act of 2018. The First Step Act of 2018[6] ("the Act"), which was enacted on December 21, 2018, amended 18 U.S.C. § 3624(b), to permit federal inmates to earn 54 days of good conduct time for each year of the sentence imposed, effectively abrogating

---

cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

[6] First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194.

Barber v. Thomas, 560 U.S. 474 (2010). However, this provision has not yet taken effect. Per 18 U.S.C. §§ 3624 and 3631(b)(2), the amendments of the Act take effect only when the Attorney General completes the "risk and needs assessment system" required by 18 U.S.C. § 3631(b). Further, 18 U.S.C. § 3632(a) does not require development and public release of the risk and needs assessment system until 210 days after the Act's enactment. Therefore, the First Step Act will not take effect until approximately July 19, 2019—Petitioner's current projected release date. Because the First Step Act is not yet effective, the BOP is not mandated to implement the same until the effective date. Accordingly, this petition has been prematurely filed.

## V. RECOMMENDATION

For the foregoing reasons, I **RECOMMEND** that the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] be **DENIED** and that the § 2241 proceeding be **DISMISSED WITHOUT PREJUDICE**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the**

**Circuit Court of Appeals.**  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED:    June 7, 2019

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE